**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT W. STRAUSS,
            *Plaintiff-Appellee,*

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
            *Defendant-Appellant.*

No. 10-35139

D.C. No.
6:08-cv-00931-AA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted
March 11, 2011—Portland, Oregon

Filed March 28, 2011

Before: Sidney R. Thomas and Susan P. Graber,
Circuit Judges, and James V. Selna,* District Judge.

Opinion by Judge Graber

---

*The Honorable James V. Selna, United States District Judge for the
District of Central California, sitting by designation.

## COUNSEL

Sydney Foster, Civil Division, United States Department of Justice, Washington, D.C., for the defendant-appellant.

David B. Lowry, Portland, Oregon, for the plaintiff-appellee.

## OPINION

GRABER, Circuit Judge:

Plaintiff Robert W. Strauss seeks social security disability benefits, which the Commissioner of Social Security ("Commissioner") ultimately denied after two hearings. The district court held that, in rendering his second decision, the administrative law judge ("ALJ") had failed to comply with express directives in remand orders from the court and from the Social Security Administration's Appeals Council ("Appeals Council") and, for that reason, remanded for payment of benefits. We reverse and remand to the district court to consider whether the evidence establishes that Plaintiff is disabled, because the court is without authority to order payment of benefits absent a finding of disability.

### BACKGROUND

Plaintiff filed for disability benefits on December 23, 2003. He claimed that he had become disabled on October 31, 2001,

as a result of left-knee chronic neuropathic pain, hypertension, and depression. His application was denied initially and upon reconsideration, and he requested a hearing before an ALJ.

An ALJ conducted a hearing at which he received testimony from Plaintiff, Plaintiff's wife, their son and daughter, and a vocational expert. The ALJ issued a decision on February 23, 2006, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review.

Plaintiff then filed a complaint in district court. Pursuant to a stipulation of the parties, the court reversed the ALJ's decision and remanded the case for further administrative proceedings. The court's remand order provided in part:

> The ALJ will conduct a new hearing, further develop the record and issue a new decision;
>
> The ALJ will evaluate and further develop the medical evidence or record;
>
> The ALJ will consider Plaintiff's obesity pursuant to SSR 02-1p;
>
> The ALJ will further consider Plaintiff's credibility pursuant to SSR 96-7p;
>
> The ALJ will discuss and evaluate the lay witness testimony from Plaintiff's wife, June Strauss, son, Joshua Strauss, and daughter, Nicole Strauss;
>
> The ALJ will re-evaluate Plaintiff's [residual functional capacity] pursuant to SSR 96-8p;
>
> The ALJ will re-evaluate step four and if necessary step five of the sequential evaluation process with the assistance of a vocational expert, as necessary.

Consistent with that court order, the Appeals Council issued its own remand order for further administrative proceedings. The Appeals Council's extensive order required, among other things, that the ALJ "[u]pdate the medical record with existing evidence from the treating sources, to include medical source statements (20 CFR [§ ] 404.1512)."[1] The Appeals Council's remand order also required a further evaluation of Plaintiff's subjective complaints.

The ALJ conducted a second, supplemental hearing at which Plaintiff and a vocational expert testified. Again, on May 29, 2008, the ALJ found that Plaintiff was not disabled, and again Plaintiff filed a complaint in district court.

The district court held that the ALJ had failed to comply with the court's and the Appeals Council's remand orders to update and further develop the medical records, to obtain medical source statements, and to conduct a new credibility analysis. The court then ruled that the ALJ's noncompliance suggested "that the outcome of [P]laintiff's hearing was predetermined" and was "sufficient to merit reversal in this case." As a result, the court did not "consider [P]laintiff's remaining arguments" concerning alleged errors in the ALJ's analysis. Thereafter the Commissioner filed this timely appeal.

## DISCUSSION

Ordinarily, a district court's decision to direct an award of benefits, rather than to remand for further agency proceedings, is reviewed for abuse of discretion. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). Here, the question is whether the district court exceeded its statutory authority. An

---

[1]A medical source statement is a "statement [from a medical source] about what [an individual] can still do despite [his] impairment(s)," considering medical history, clinical and laboratory findings, diagnosis, and treatment. 20 C.F.R. § 404.1513(b)(6).

error of law is an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996).

**[1]** The Social Security Act entitles a claimant to benefits when it has been determined that the claimant is "disabled," as defined by the statute. 42 U.S.C. § 423(a)(1)(E), (d). In *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396 (9th Cir. 1988), and its progeny, we have addressed the circumstances in which a court must remand for an award of benefits. In *Benecke*, for example, we summarized:

> Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

379 F.3d at 593 (citations omitted).

**[2]** Notably, the required analysis centers on what the record evidence shows about the existence or non-existence of a disability. The ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005) ("Obduracy is not a ground on which to award benefits; the

evidence properly in the record must demonstrate disability.").

**[3]** Here, the district court did not undertake to determine whether Plaintiff is disabled within the meaning of the statute. The court did not credit as true any evidence that the ALJ had improperly excluded or discounted. The court did not consider the alternatives (payment of benefits versus remand to the agency) through the lens that *Benecke* provides. Rather, the court awarded benefits because the ALJ failed to follow its remand order and that of the Appeals Council.

**[4]** We do not disturb the district court's conclusion that, in fact, the ALJ failed to comply with the remand orders. We hold only that the court may not move from that conclusion directly to an order requiring the payment of benefits without the intermediate step of analyzing whether, in fact, the claimant is disabled. We therefore remand to the district court for further proceedings.

REVERSED and REMANDED.