**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY L. FULLER, | No. 10-17734 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01614-FJM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 16, 2012[**]
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Nancy Fuller appeals the denial of her application for social security

disability insurance benefits.  Because we conclude that the Commissioner's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision was based on the correct legal standards and supported by substantial evidence, *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir. 2001), we affirm.

1.  The administrative law judge ("ALJ"), whose decision the Commissioner affirmed, articulated specific and legitimate reasons for rejecting the opinion of Dr. Riley, Fuller's treating physician. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ noted that specialists who examined Fuller disagreed with Dr. Riley's conclusion that she was disabled. *See* 20 C.F.R. § 404.1527(d)(5). Dr. Lee noted that Fuller's myeloproliferative disease did not cause symptoms and that she felt well; Dr. Lipschultz noted that Fuller's lungs were generally clear and that she stabilized nicely with medication; and Dr. Dilla analyzed an MRI of Fuller's back and concluded that she was not disabled. The ALJ also observed that Dr. Riley's opinions were conclusory and did not provide supporting evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1045 (9th Cir. 2007).

2.  The ALJ did not err in failing to explicitly state Fuller's mental limitations in his assessment of her residual functional capacity. None of Fuller's mental limitations was inconsistent with the ALJ's conclusion that she was able to perform unskilled, "simple, repetitive work." *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009). Dr. George noted that "the test results do not suggest difficulties to function on a job"; Dr. Waldman found Fuller

2

"capable"; and Dr. Berman rated Fuller "unlimited" in most categories of job skills.

3. The ALJ made "specific findings stating clear and convincing reasons" for rejecting Fuller's subjective complaints. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Fuller's subjective complaints were contradicted by the medical record, including the testimony of treating physicians, who concluded that she was not seriously impaired, and clinical observations of her sensation, strength, gait, reflexes, and range of motion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

4. The ALJ's use of the Medical-Vocational Guidelines (the "Grids") was not improper. Fuller's non-exertional limitations were not "sufficiently severe so as to significantly limit the range of work permitted by [her] exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (internal quotation marks omitted). Although the ALJ did err in applying the Grids for "light," rather than "sedentary," work, this error was harmless. *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

AFFIRMED.

3