**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCES GARCIA,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 11-15122

D.C. No. 2:09-cv-02039-NVW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted March 15, 2012
San Francisco, California

Before: WALLACE, CALLAHAN, and BEA, Circuit Judges.

Frances Garcia appeals from the district court's decision to remand her

disability claim for further proceedings. She contends that the remand should have

been solely for computation of benefits. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A district court's decision whether a remand should be for further proceedings or for a calculation of benefits is reviewed for abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand for a computation of benefits is not appropriate unless the record proves that the claimant is in fact disabled. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). While the length of the proceedings here is regrettable, there are outstanding issues to be determined on remand before a finding can be made that Garcia was disabled for the relevant period. The vocational expert presented evidence that there were jobs in the regional economy that Garcia could perform, but the expert's testimony conflicted with the Dictionary of Occupational Titles ("DOT"). The district judge did not abuse his discretion because further proceedings are necessary to determine whether the vocational expert can present a reasonable explanation for the conflict with the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007).[1]

**AFFIRMED.**

---

[1] For similar reasons, we also reject Garcia's argument that the district court abused its discretion in not applying the credit-as-true doctrine to her expert witness's testimony. In cases, as here, where there are outstanding issues to be determined on remand before a finding of disability can be made, application of the credit-as-true rule is discretionary, *see Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009), and can be overturned only by the district court abusing its discretion.