**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NGOC DIEM TRAN,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   22-15438

D.C. No. 2:20-cv-01714-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted February 8, 2023[**]
Phoenix, Arizona

Before:  GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Ngoc Diem Tran appeals the district court's order

remanding her case to the Social Security Administration (SSA) for further

administrative proceedings.  We review the district court's decision de novo,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

except its decision to remand for further proceedings, which we review for abuse of discretion. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Because Tran's medically determinable impairments could reasonably be expected to cause her alleged symptoms, the ALJ could reject Tran's testimony "regarding the severity of her symptoms only if he ma[de] specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In assessing a claimant's credibility, ALJs "may consider, among other factors, ordinary techniques of credibility evaluation, inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and the claimant's daily activities." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citation and internal quotation marks omitted). We treat the ALJ's findings of fact as conclusive as long as they are supported by substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).

Here, the ALJ gave clear and convincing reasons for discounting Tran's testimony. Those reasons, which are supported by substantial evidence, include: (1) improvements to Tran's blood pressure after she took her medication correctly; (2) her ability to ambulate without assistive devices; (3) improved extremity and grip strength, range of motion, and endurance, as shown in physical therapy

2

records; and (4) inconsistencies between her accounts of pain and her providers' observations. The ALJ thus properly discounted Tran's symptom testimony.

2. The district court concluded that the ALJ committed reversible error by: (1) improperly discounting the testimony of Tran's treating physician, Dr. Pandey; (2) improperly discounting lay witness testimony from Tran's sister and friend; and (3) posing an incomplete hypothetical to the vocational expert (VE) due to errors (1) and (2). On those grounds, the district court remanded. Because the Acting Commissioner does not contest the district court's conclusion, the remaining issue on appeal is Tran's argument that the court abused its discretion by remanding for further administrative proceedings instead of directing an award of benefits.

In evaluating whether the district court abused its discretion, we ask: (1) whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence," *Treichler*, 775 F.3d at 1100–01 (internal quotation marks and citation omitted); and (2) "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful," *id.* at 1101 (internal quotation marks and citations omitted). If no outstanding issues remain and further proceedings would not be useful, the district court has the discretion to find the "relevant testimony credible as a matter of law." *Id.*

3

The district court concluded that further administrative proceedings would "allow the ALJ to reassess the improperly discounted testimony and incorporate it, as necessary, into the hypothetical posed to the vocational expert." Tran contends that the VE already considered the restrictions described by Dr. Pandey and concludes, on this ground, that the ALJ would be required to find her disabled. But, as the district court correctly observed, the ALJ's erroneous decision to discount Dr. Pandey's opinion depended on the ALJ's mistake as it relates to the doctor's examination of Tran and the ALJ's failure to address the doctor's complete opinion. In light of the other evidence in the record regarding Tran's ability to work, correcting those errors would not necessarily establish that Tran was disabled. *See Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."). Because there are outstanding issues for the SSA to resolve on remand, the district court did not abuse its discretion by remanding for further administrative proceedings.

**AFFIRMED.**