**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB I. VELAZQUEZ, | No. 24-3034 |
| Plaintiff - Appellant, | D.C. No. 1:22-cv-05522-RMI |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

Argued and Submitted May 19, 2025
San Francisco, California

Before: FRIEDLAND, BRESS, and MENDOZA, Circuit Judges.

Jacob Velazquez appeals the district court's judgment reversing and

remanding for further administrative proceedings the Commissioner of Social

Security's denial of his application for disability insurance benefits and

supplemental security income under the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291. We review the district court's decision to remand for abuse of discretion, *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017), and we affirm.

Velazquez contends that the district court erred by failing to address his challenge to the Administrative Law Judge's ("ALJ") step-five findings and instead remanding the case on the Commissioner's assertion that the ALJ erred in assessing his residual functional capacity ("RFC"). In Velazquez's view, he deserves an immediate award of benefits because the ALJ has now twice erred in its step-five findings. Velazquez is incorrect. Even assuming an error in the step-five evaluation, which we do not address, "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon*, 880 F.3d at 1044. The district court determined that remanding the case for further proceedings is the appropriate remedy in this case because, among other things, the Commissioner identified error in the ALJ's formulation of Velazquez's RFC and "evidence in the record casts some doubt as to the extent of [Velazquez's] disability."[1] The district court thus did not abuse its discretion.

---

[1] Velazquez does not dispute either of these findings.

2

Our decision in *Brown v. Kijakazi*, 11 F.4th 1008 (9th Cir. 2021), does not change our conclusion.  In *Brown*, the claimant appealed a partial denial of benefits.  *Id.* at 1009.  On appeal, Brown asserted that reversal and remand was needed because the ALJ erred in finding him disabled only after a particular date and not also before that date.  *Id.*  In response, the Commissioner asserted that the case should be "remand[ed] for a new decision on the entirety of Brown's claim, including the portion of the ALJ's decision that awarded Brown benefits."  *Id.* (quotation marks omitted).  We rejected the Commissioner's request on the ground that we had "no authority to set aside, or to disturb, the Commissioner's grant of benefits"—*i.e.*, the portion of the decision finding Brown disabled—because Brown did not challenge that aspect of the ALJ's decision in his complaint.  *Id.* at 1010.  Accordingly, we ordered the district court to remand only the "unfavorable" aspect of the ALJ's decision for further proceedings.  *Id.*

We recognized in *Brown* that remand is not an available remedy in certain circumstances, but those circumstances are not present here.  Velazquez was not awarded benefits for any period of his claimed disability.  Although he may consider certain aspects of the ALJ's decision to be "favorable," such as distinct findings made as part of the ALJ's five-step sequential evaluation process, Velazquez did not prevail on any part of his request for benefits.  By contrast, *Brown*'s discussion of favorable and unfavorable portions or aspects of the ALJ's

3

decision unequivocally references a partial grant of benefits in which the claimant has prevailed in at least part of a request. *See id.*

*Brown* is consistent with the agency's regulations and policy guidance documents in its Program Operations Manual System ("POMS"). *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010) (noting that POMS guidance is "'entitled to respect'" but not binding "on either this court or the ALJ" (quoting *Christensen v. Harris County*, 529 U.S. 576, 587 (2000))). For instance, when a court remands a case, the Appeals Council "generally vacates the entire . . . decision, and the ALJ must consider all pertinent issues de novo." Soc. Sec. Admin., POMS HA 01280.018.A (2017). This policy is in accord with 20 C.F.R. § 404.983, which states that when a "court remands a case to the Commissioner for further consideration . . . [a]ny issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in the case." 20 C.F.R. § 404.983(a); *see also id.* § 416.1483(a). Comparatively, when the Appeals Council remands "a partially favorable decision" to the ALJ after a court remand, "the ALJ must only consider the unfavorable portion of the decision." POMS HA 01280.018.A, Note 1. Agency policy explicitly notes that "the favorable portion of the partially favorable decision is not before the ALJ" and directs the ALJ to include "language noting the limited time period." *Id.*

4

Accordingly, the district court did not abuse its discretion in remanding Velazquez's case back to the ALJ for further proceedings. On remand, however, the ALJ must consider Velazquez's objection to the vocational expert's job numbers methodology.

**AFFIRMED.**