17-639-cv
*Yeldon v. Fisher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand nineteen.

**PRESENT:**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> > ***Circuit Judges,***
> **PAUL G. GARDEPHE,**[*]
> > ***District Judge.***

---

WILLIE JAMES YELDON,

> *Plaintiff-Appellant,*

> v.                                                             No. 17-639-cv

BRIAN FISHER, COMMISSIONER OF DEPARTMENT OF CORRECTIONAL FACILITY, A. DEPERIO, M.D. PHYSICIAN OF WYOMING CORRECTIONAL FACILITY, TOM EDWARDS, M.D. PHYSICIAN OF ATTICA CORRECTIONAL FACILITY, GLEN CHAMPAGNE, M.D. PHYSICIAN OF FRANKLIN CORRECTIONAL FACILITY, DARRYL DIRISIO, M.D. SURGEON OF ALBANY MEDICAL CENTER HOSPITAL, TAESOO, M.D. PHYSICIAN OF FRANKLIN CORRECTIONAL FACILITY, CHEN GEORGE-PAI, SURGEON/PHYSICIAN OF ALICE HYDE MEDICAL CENTER HOSPITAL, DANIEL M. DOWNS, M.D. SURGEON OF WYOMING COUNTY COMMUNITY HOSPITAL, HABIB SHIEKH, PHYSICIAN OF WYOMING CORRECTIONAL FACILITY,

> *Defendants-Appellees.*

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

Appearing for *Plaintiff-Appellant*:  JON ROMBERG (Elizabeth Kaminski, Anthony Cocuzza, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, NJ.

Appearing for *Defendant-Appellee*
Darryl DiRisio:  ROBERT A. RAUSCH, Maynard, O'Connor, Smith, & Catalinotto, LLP, Albany, NY.

Appearing for State *Defendants-Appellees*:  JONATHAN D. HITSOUS, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from orders of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be **REMANDED** for supplementation of the record and additional factfinding consistent with this order.

Plaintiff-Appellant Willie James Yeldon appeals from two orders of the district court, one denying his motion to vacate a stipulation of dismissal and one denying reconsideration. In 2007, Yeldon, then a prisoner at Wyoming Correctional Facility, filed a 42 U.S.C. § 1983 complaint in the Western District of New York (the "W.D.N.Y. case"), claiming deliberate indifference to his serious medical needs. A magistrate judge granted summary judgment to the defendants, but we remanded for further consideration, concluding that the magistrate judge lacked authority to enter judgment because Yeldon had not provided his consent to proceeding before a magistrate judge. *Yeldon v. Fisher*, 710 F.3d 452 (2d Cir. 2013) (per curiam).

In the meantime, Yeldon had been civilly confined at the Central New York Psychiatric Center ("CNYPC"). He filed another lawsuit, this time in the Northern District of New York (the "N.D.N.Y. case"), claiming assault by CNYPC employees. He was assigned pro bono counsel in the N.D.N.Y. case, and counsel pursued settlement negotiations on his behalf. Yeldon ultimately settled the N.D.N.Y. case. That settlement agreement purported also to release his claims in the W.D.N.Y. case.

2

Yeldon subsequently moved to set aside a stipulation of dismissal filed in the W.D.N.Y. case. The district court denied the motion and denied reconsideration. The district court's second order was entered on January 24, 2017. Yeldon's notice of appeal was therefore due on or before February 23, 2017. *See* Fed. R. App. P. 4(a)(1)(A). His notice was postmarked February 27, 2017, and filed on March 1, 2017. The notice, however, was dated February 21, 2017. Yeldon affirmed, under penalty of perjury, that he had served counsel for the W.D.N.Y. defendants on that same day.

On appeal, one of the private defendants, Dr. Darryl DiRisio, moved to dismiss Yeldon's appeal as untimely. We denied the motion and appointed pro bono counsel to address, among other things, whether Yeldon was entitled to the benefit of the prison mailbox rule, Federal Rule of Appellate Procedure 4(c). The parties then filed their briefs, and the State defendants moved to dismiss the appeal. The State concedes that Yeldon is entitled to the benefit of Rule 4(c) (and DiRisio has forfeited the issue by failing to address it in his brief, despite our having explicitly drawn the parties' attention to the issue). The State argues, nonetheless, that Yeldon's notice of appeal is *still* untimely. In support of this argument, the State has submitted evidence tending to demonstrate that Yeldon did not submit a notice of appeal in compliance with Rule 4(c) on or before February 23, 2017.

On the current record, we cannot determine whether Yeldon's notice of appeal was in fact timely filed under Rule 4(c). We note that Yeldon did not affirm that he had submitted the notice postage prepaid. *See* Fed. R. App. P. 4(c)(1)(A)(i). Nonetheless, we exercise our discretion to allow Yeldon to submit a declaration or notarized statement satisfying Rule 4(c). *See* Fed. R. App. P. 4(c)(1)(B). Still, assuming Yeldon can in good faith satisfy the requirements of Rule 4(c), a factual dispute exists as to whether his notice was timely.

Accordingly, we remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to supplement the record and make factual findings concerning the timeliness of Yeldon's notice of appeal under Rule 4(c). For the purposes of this

remand, we leave to the discretion of the district court whether these findings can be made based on submissions by the parties or whether a hearing is necessary. This remand is limited to the issue of the timeliness of Yeldon's notice of appeal under Rule 4(c), and we express no opinion on Yeldon's alternative theory that his appeal is timely under Federal Rule of Civil Procedure 41, on the merits of his challenges, or on the State's request to supplement the record on appeal.

The mandate shall issue forthwith. This appeal will be reinstated, without need for a new notice of appeal, upon notice by either side to the Clerk of Court within fourteen (14) days of the district court's decision. If that occurs, the matter shall be referred to this panel for disposition of the appeal.

Accordingly, the matter is **REMANDED** for supplementation of the record and additional factfinding consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4