11-2334
Yeldon v. Fisher

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Submitted: February 4, 2013    Decided: March 6, 2013)

Docket No. 11-2334

_____

WILLIE JAMES YELDON,

*Plaintiff-Appellant*,

—v.—

BRIAN FISHER, COMMISSIONER OF CORRECTIONAL FACILITY, DR. GLEN CHAMPAGNE, M.D. PHYSICIAN OF WYOMING CORRECTIONAL FACILITY, DR. A. DEPERIO, M.D. PHYSICIAN OF WYOMING CORRECTIONAL FACILITY, DR. TOM EDWARDS, M.D. PHYSICIAN OF ATTICA CORRECTIONAL FACILITY, DR. DARRYL DIRISIO, M.D. SURGEON OF ALBANY MEDICIAL CENTER HOSPITAL, DR. TAESOO, M.D. PHYSICIAN OF FRANKLIN CORRECTIONAL FACILITY, DR. CHEN GEORGE-PAI, SURGEON/PHYSICIAN OF ALICE HYDE MEDICAL CENTER HOSPITAL, DR. DANIEL M. DOWNS, M.D. SURGEON OF WYOMING COUNTY COMMUNITY HOSPITAL, DR. HABIB SHIEKH, PHYSICIAN OF WYOMING CORRECTIONAL FACILITY,

*Defendants-Appellees.*

_____

Before: WALKER, KATZMANN, *Circuit Judges*, and PRESKA, *District Judge*.[1]

Appeal from a judgment of the United States District Court for the Western District of New York (Schroeder, *M.J.*), which granted the Defendants-Appellees' motions for summary judgment on all of Yeldon's claims under 42 U.S.C. § 1983. We hold that Plaintiff-Appellant did

_____

[1]Chief Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

not consent to the referral of this case to a magistrate judge, and that the Magistrate Judge therefore lacked authority to enter final judgment under 28 U.S.C. § 636(c)(1). Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Willie James Yeldon, *pro se*, Marcy, NY |
| For Defendant-Appellee<br>Daryl Diriso: | Robert A. Rausch, Maynard, O'Connor, Smith, & Catalinotto, LLP, Albany, NY |
| For Defendants-Appellees<br>Brian Fisher, Glen Champagne,<br>A. Deperio, Tom Edwards,<br>Daniel M. Downs, and Habib<br>Shiekh: | Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; Andrew B. Ayers, Assistant Solicitor General, Albany, NY |

_____

PER CURIAM:

Appellant Willie James Yeldon appeals from a judgment of the United States District Court for the Western District of New York (Schroeder, *M.J.*), which granted the Defendants-Appellees' motions for summary judgment on all of Yeldon's claims under 42 U.S.C. § 1983. On February 8, 2008, the district court entered an order referring this case to a magistrate judge for "all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c)," purporting to attach the "consent" of the parties. The attached consent form asked Yeldon to state whether he "voluntarily consent[ed]/refuse[d] to consent to the assignment of this case to a

magistrate judge to conduct all proceedings in this case, including trial and the entry of final judgment." Below this paragraph were two choices: "I consent," and "I do not consent." Yeldon checked the box stating "I do not consent." At no point after initially withholding consent did Yeldon object to the district court's referral of his case to the Magistrate Judge. In an Order entered on May 8, 2012, we raised the issue of consent *sua sponte* and asked the parties to file supplemental briefs addressing it.

Under 28 U.S.C. § 636(c)(1), "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." *See also* Fed. R. Civ. P. 73(b)(2) ("A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences."); W.D.N.Y. Local Rule 73(a) ("Consent [under § 636(c)] is voluntary, and the parties are free to withhold consent without adverse substantive consequences."). This Court has held that the statute and the rules that accompany it "establish procedures designed to ensure that a party's consent to be bound by the decisions of a magistrate judge is truly voluntary." *N.Y. Chinese TV Programs, Inc. v. U.E. Enters.*, 996 F.2d 21, 24 (2d Cir. 1993). "Consent of all parties must be clear and express or the requirement would mean little." *Id.*

In *Roell v. Withrow*, 538 U.S. 580 (2003), the Supreme Court held that a party could consent impliedly, *i.e.*, "through actions rather than words," where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id.* at 589, 590. Because it concluded that the relevant

-3-

litigants had impliedly consented to proceed before the Magistrate Judge, the Supreme Court did not address whether "lack of consent is a 'jurisdictional defect' that can be raised for the first time on appeal." *See id.* at 591 n.8.

Here, unlike the counseled defendants in *Roell*, who merely failed to turn in their consent form before participating in a jury trial presided over by a magistrate judge, Yeldon is a *pro se* prisoner who affirmatively signed a consent form indicating that he did not consent to disposition of the case by the Magistrate Judge. On the present record, we cannot say that Yeldon gave his implied consent. As a *pro se* litigant, he may not have appreciated that participating in proceedings before the Magistrate Judge could impugn the effectiveness of his written refusal to consent.

We also hold that the lack of consent is a jurisdictional defect that cannot be waived. Section 636(c)(3) provides that, "[u]pon entry of judgment in any case referred under paragraph (1)[,] . . . an aggrieved party may appeal directly to the . . . court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." If Yeldon did not voluntarily consent to the Magistrate Judge's disposition of the case pursuant to § 636(c)(1), then the Magistrate Judge lacked authority to enter judgment, and we do not have jurisdiction to review that judgment. *See Anderson v. Woodcreek Venture Ltd.,* 351 F.3d 911, 913-14 (9th Cir. 2003) ("Our appellate jurisdiction . . . depends on the magistrate judge's lawful exercise of jurisdiction, which in turn depends on . . . the voluntary consent of parties to the entry of judgment by a magistrate judge." (citations omitted)).

**III.    Conclusion**

Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**VACATED** and the case is **REMANDED** to the district court. The district court is instructed,

upon remand, to either: (1) dispose of the Defendants-Appellees' summary judgment motions in

the first instance; or (2) deem the Magistrate Judge's order a report and recommendation and

allow the parties to file objections thereto, *see N.Y. Chinese TV Programs, Inc.*, 996 F.2d at 25

(holding that, in the absence of consent, "the magistrate judge's order has the effect only of a

report and recommendation to the district judge, who upon the filing of objections must review

*de novo* the recommendation").