FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| VICTOR WASHINGTON, *Plaintiff-Appellant*, v. KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee*. | No. 22-35320 D.C. No. 2:21-cv-01195-BAT OPINION |
|---|---|

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted May 8, 2023[*]
Seattle, Washington

Filed July 3, 2023

Before: William A. Fletcher, Richard R. Clifton, and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton;
Concurrence by Judge W. Fletcher

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Magistrate Judges / Social Security / Credit-as-True Rule

The panel affirmed the district court's judgment affirming the decision of an administrative law judge ("ALJ") denying Victor Washington's application for disability benefits under the Social Security Act.

As a threshold matter, the panel considered whether the magistrate judge had authority to exercise the full civil jurisdiction of the district court over Washington's claim. There is no doubt that the district court had jurisdiction over the case, but Washington challenged whether he had given the consent that was required for a magistrate judge to exercise that jurisdiction. The panel held that it had jurisdiction to review the antecedent question of whether the magistrate judge validly entered judgment on behalf of the district court.

The Federal Magistrate Act governs the jurisdiction and authority of federal magistrate judges. General Order ("G.O.") 05-17 of the District Court for the Western District of Washington establishes procedures to solicit consent by those parties in those cases to the assignments to magistrate judges. If either party timely declines consent, the case is reassigned to a district court judge. After Washington filed a complaint challenging the ALJ's decision in the Western District of Washington, the district court assigned the case Magistrate Judge Brian Tsuchida, who sent the parties a

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

consent form. Neither party responded to the form by declining consent to the assignment by the stated date.

The panel held that the declination-of-consent form used in this case fulfilled the requirements of implied consent set forth in *Roell v. Withrow*, 538 U.S. 580 (2003), and *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665 (2015). The form apprised Washington of the consequences of consent, the voluntary nature of consent, and the availability of a district judge upon declining consent. The form's language was substantively similar to consent forms in other cases where this court held that a pro se plaintiff impliedly consented to magistrate judge jurisdiction. Washington also voluntarily proceeded with the litigation before the magistrate judge. It was only after the district court, by the magistrate judge, rendered a decision that Washington found unfavorable that he objected to the magistrate judge decision as a final order. Washington did not dispute that he received the notice and declination-of-consent form.

The panel rejected Washington's contention that, as a pro se litigant, he believed he was consenting to the magistrate judge's issuance of a report and recommendation, not a final judgment. The question here was whether Washington was sufficiently informed of his ability to decline assignment of his case to a magistrate judge for all purposes. By the time of his appeal, two separate orders, one by Chief Judge Martinez and the other by Magistrate Judge Tsuchida, had already discussed and rejected his objection to the exercise of the district court's authority by the magistrate judge. The panel held that Washington was fully informed of the district court's conclusion that he had knowingly and voluntarily consented to the assignment to the magistrate judge. The panel recognized that Washington

did not have the benefit of representation by counsel, but this court has never held that pro se litigants were incapable of knowingly or voluntarily consenting to magistrate judge jurisdiction.

To the extent that Washington's post-objection motions were construed as a motion to withdraw consent, the panel held that argument also failed. Washington was unable to show good cause or extraordinary circumstances to withdraw consent. The panel affirmed the district court's conclusion that Washington consented to magistrate judge jurisdiction.

Magistrate judge jurisdiction also requires that a district court specially designate a magistrate judge's authority to enter a final order. The panel rejected Washington's argument that the general orders of the Western District of Washington do not authorize the automatic assignment of magistrate judges for pro se plaintiffs in civil matters or social security cases. G.O. 05-17 approved the procedure outlined in the declination-of-consent form and applied it to all civil cases filed after June 1, 2017, that were randomly assigned to a U.S Magistrate Judge. The panel held that neither the general orders nor local rules contained a carveout for pro se plaintiffs. Accordingly, the district court specially designated the magistrate judge in this case with authority to enter a final order.

As to the merits of the appeal, Washington contended that the ALJ failed to properly consider his symptom testimony, his treating physician's assessment concerning his risk of heart attack, and other evidence in the record. He requested under the "credit-as-true" rule that the court hold this evidence to be credible and remand to the Commissioner with instructions for an immediate award of benefits. Under

the credit-as-true analysis, the court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. Because the ALJ found no severe impairments prior to the date last insured, the ALJ did not proceed past step two in Washington's disability analysis. Step two is merely a de minimus screening device to dispose of groundless claims. The panel held that regardless of whether the evidence at issue is credited, outstanding issues must be resolved before a disability determination can be made. In addition, the district court properly identified contradictory evidence in the record appropriate for remand. The panel concluded that the district court did not abuse its discretion in remanding to the Commissioner of Social Security to resolve the contested issues.

Concurring, Judge W. Fletcher wrote separately to encourage the district court, and other district courts in the same position, to revise consent forms for magistrate judge jurisdiction. The consent form in this case was easily understood by lawyers, but language could be added to the form to make its meaning crystal-clear to pro se litigants like Washington.

## COUNSEL

Victor Washington, Shoreline, Washington, pro se Plaintiff-Appellant.

Sarah E. Moum, Special Assistant United States Attorney; Office of the General Counsel, Social Security Administration; Baltimore, Maryland; Matthew W. Pile, Associate General Counsel; Office of Program Litigation; Seattle, Washington; Kerry Jane Keefe, Assistant United States Attorney; Nicholas W. Brown, United States Attorney; Office of the United States Attorney; Seattle, Washington; Joshua M. Salzman, Attorney; United States Department of Justice; Washington, D.C.; for Defendant-Appellee.

Robin Wechkin, Sidley Austin LLP, Issaquah, Washington; David R. Carpenter, Sidley Austin LLP, Los Angeles, California; for Amicus Curiae the Federal Magistrate Judges Association.

---

## OPINION

CLIFTON, Circuit Judge:

Victor Washington filed in the U.S. District Court for the Western District of Washington a pro se action to challenge the denial of his claim for disability benefits by the Social Security Administration. A magistrate judge of that court, acting with the full civil authority of that court, reversed and remanded the matter to the agency for rehearing after the government conceded that there was an error in the agency's adjudication.

Washington, still appearing pro se, appeals that decision. He presents two arguments. First, he contests the magistrate judge's authority or jurisdiction to issue a final judgment, arguing that he did not consent to magistrate judge jurisdiction. The primary question before us is whether consent to a magistrate judge's authority to exercise the full civil authority of the district court may be inferred from the failure of the litigant to return a declination-of-consent form issued under the general orders and local rules of the Western District of Washington. We conclude that Washington knowingly and voluntarily consented to magistrate judge jurisdiction by failing to return the form that notified him of his rights and by thereafter proceeding with the litigation before the magistrate judge.

Washington's second argument is that this case should not be remanded to the agency for further proceedings but that, instead, he should be granted an immediate award of benefits under a credit-as-true analysis. We disagree, concluding that questions remain to be answered before benefits could properly be awarded.

We thus affirm the judgment of the district court.

## I. Background

Washington filed a claim for disability benefits under Title II of the Social Security Act based on symptoms from various ailments, including sarcoidosis, depression, and anxiety. In May 2021, the Administrative Law Judge ("ALJ") denied Washington's application.

In September 2021, Washington filed a complaint challenging the ALJ's decision in the Western District of Washington. The district court assigned the case to Magistrate Judge Brian A. Tsuchida, a full-time magistrate

judge for that district, for all purposes and sent the parties a form titled "NOTICE OF ASSIGNMENT TO A U.S. MAGISTRATE JUDGE AND DECLINATION OF CONSENT FORM." The first page of the form stated:

> This matter is assigned to United States Magistrate Judge Brian A. Tsuchida for all purposes, including trial, final entry of judgment, and direct review by the Ninth Circuit Court of Appeals. *See* Second Amended General Order 02–19.
>
> Consent to a Magistrate Judge is voluntary. A party may decline consent by signing and emailing this form [to the court]. The form must be received by the court no later than **October 1, 2021**. Please do not file the form. <u>Each party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida if this form is not returned by October 1, 2021</u>. The identity of the parties consenting or declining consent will not be communicated to any judge.

The second page of the form contained a box titled "I decline consent and request the case be assigned to a District Judge." Below the box contained signature lines for the "Attorney/Party's Signature," "Party Represented," and "Date Signed."

Neither party responded to the form by declining consent to the assignment by the stated date. The district court entered a docket entry confirming that the parties had consented to proceed before Magistrate Judge Tsuchida.

Washington then filed his opening brief in district court. At that point, the Commissioner conceded that the ALJ had erred and asked the court to remand Washington's case to the agency for further administrative proceedings. Washington requested instead that he be granted an immediate award of benefits. Five days after Washington filed his reply brief, Magistrate Judge Tsuchida ordered reversal of the ALJ's decision and remand of the matter to the agency for further administrative proceedings.

Washington promptly filed a motion for clarification. He contended that "he may have unknowingly waived a right to have a [d]istrict court judge review" his objection to the magistrate judge's ruling. He stated that he expected the magistrate judge to issue a report and recommendation, not a final judgment. Magistrate Judge Tsuchida denied his motion on grounds that Washington consented to a magistrate judge "to issue a final order and judgment."

Washington also filed an objection to jurisdiction, later amended, arguing that the declination-of-consent procedure used in this case was improper. District Judge Ricardo S. Martinez, then-chief judge of the district, reviewed the underlying order, held that the magistrate judge had jurisdiction over the case, and independently affirmed the decision on the merits. In that order, Chief Judge Martinez concluded that Washington "consented to a magistrate judge according to [the procedures and general orders of the district] and certainly did not decline to consent in a timely fashion." Chief Judge Martinez further found "that [Washington] knew he consented, and only took issue with this consent after the presiding judge issued what [Washington] has determined to be an unfavorable ruling."

## II. Discussion

### *A. This Court's Jurisdiction*

As a threshold matter, we consider whether the magistrate judge had authority to exercise the full civil jurisdiction of the district court over Washington's claim. There is no doubt that the district court had jurisdiction over the case, but Washington challenges whether he had given the consent that is required for a magistrate judge to exercise that jurisdiction. Such a challenge is often described in terms of "magistrate judge jurisdiction."

Although there is no question that the district court had jurisdiction, a challenge to the magistrate judge's authority raises a question regarding the jurisdiction of this court over this appeal. We have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Where a magistrate judge enters a final order on behalf of the district court, "our jurisdiction depends on the magistrate judge's lawful exercise of jurisdiction." *Ashker v. Newsom*, 968 F.3d 975, 980 (9th Cir. 2020) (citation and internal quotation marks omitted). If it is concluded that the magistrate judge lacked authority to enter a final judgment in a given case, the jurisdiction of the court of appeals is undermined, because there is no final decision for us to review.

Nonetheless, we have authority "to review the antecedent question of whether the magistrate judge validly entered judgment on behalf of the district court." *Allen v. Meyer*, 755 F.3d 866, 867 (9th Cir. 2014). We thus start with the question of magistrate judge jurisdiction in this case because it controls this court's jurisdiction over the appeal, including the challenge raised by Washington to the merits decision to reverse and remand the ALJ's decision rather

than to order the award of benefits. We review the question of magistrate judge jurisdiction de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012).

*B. The Magistrate Judge's Jurisdiction or Authority*

The Federal Magistrate Act "governs the jurisdiction and authority of federal magistrate judges." *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018); *see* 28 U.S.C. §§ 631–39. Pursuant to the Act, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" if (1) voluntary consent is obtained from all parties and (2) the magistrate judge is specially designated by the district court. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (quoting 28 U.S.C. § 636(c)(1)); *see also* Fed. R. Civ. P. 73(a) ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.").

Jurisdiction under § 636(c) is distinct from that under § 636(b), which governs referral jurisdiction and sets out procedures through which magistrate judges consider non-dispositive pretrial matters and provide reports and recommendations on dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A)–(C). Unlike § 636(b)(1), jurisdiction under § 636(c)(1) gives the magistrate judge's ruling "the same effect as if it had been made by a district judge." *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 685 (9th Cir. 2016).

1. General Orders and Local Rules

General Order ("G.O.") 05-17[1] of the District Court for the Western District of Washington went into effect in June 2017. It provided that some civil cases newly filed in the court would be directly assigned to magistrate judges, and it established procedures to solicit consent by the parties in those cases to the assignments to magistrate judges. The order notes that its goal is "to increase the percentage of consent cases." G.O. 05-17 at 1. It states that magistrate jurisdiction is voluntary, "all parties are provided with a consent form" that they may decline, and "each party will be deemed to have knowingly, and voluntarily, consented to proceed before the assigned Magistrate Judge" if the declination-of-consent form is not signed and returned before the stated date. *Id.* (bolding omitted). It also states that, upon a party's declination of consent, the identity of the declining party is kept confidential from any judge and immediate reassignment of the case to a district judge occurs. *Id.*[2]

[1] *Available at* https://www.wawd.uscourts.gov/sites/wawd/files/06-01-17GOreConsenttoMagistrateJudges.pdf (last accessed June 26, 2023).

[2] G.O. 05-17 was amended in June 2017. Although the order remains substantively unchanged from the original, Amended G.O. 05-17 notes that it "supersedes" Local Magistrate Judge Rule 13 and Amended G.O. 01-15 insofar as those authorities "provide[] that failing to return the form will be deemed as non-consent[.]" *See* Am. G.O. 05-17 at 2, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/06-29-17AmendedGOreConsenttoMagistrateJudges.pdf (last accessed June 26, 2023).

Two other general orders for the district court are relevant here: Amended G.O. 01-15[3] and Amended G.O. 02-19.[4] These orders state that the clerk of the court assigns social security cases to a magistrate judge if the "plaintiff timely consents, and if the United States does not timely withdraw consent[.]" *See* Am. G.O. 01-15 at 2; Am. G.O. 02-19 at 1. As the orders note, the United States had already given its "general" consent to magistrate judge jurisdiction in social security cases. *See* Am. G.O. 01-15 at 2; Am. G.O. 02-19 at 1. If either party timely declines consent, the case is then reassigned to a district judge. *See* Am. G.O. 01-15 at 2; Am. G.O. 02-19 at 1–2.

The district court reiterates the same procedure for magistrate judge jurisdiction in Local Magistrate Judge Rule ("MJR") 13.[5] The rule states that 28 U.S.C. § 636(c), G.O. 05-17, and Amended G.O. 01-15 "shall constitute general notice to all parties in civil cases in [the Western District of Washington]" concerning magistrate judge jurisdiction. *See* Local Rule MJR 13(b). It notes that "[w]hen a case is direct assigned to a magistrate judge, the clerk of court will provide the parties with a form to decline [c]onsent via the Court's CM/ECF System." Local Rule MJR 13(c). Like G.O. 05-

[3] *Available at* https://www.wawd.uscourts.gov/sites/wawd/files/01-15-15AmendedGOinreConsentsandReferralsUSMagistrateJudges.pdf (last accessed June 26, 2023).

[4] *Available at* https://www.wawd.uscourts.gov/sites/wawd/files/Amended%20GO%2002-19%20in%20re%20Consent%20and%20Referrals%20to%20Magistrate%20Judges.pdf (last accessed June 26, 2026).

[5] *Available at* https://www.wawd.uscourts.gov/sites/wawd/files/WAWDMJRules12.1.2018.pdf (last accessed June 26, 2023).

17, Amended G.O. 1-15, and Amended G.O. 02-19, the rule specifies that if a party declines consent, "the clerk will immediately reassign the case to a district judge by random selection." *Id.*

2. Knowing and Voluntary Consent

Consent is the "touchstone of magistrate judge jurisdiction." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003). It may be express or implied. *See Roell*, 538 U.S. at 591 n.8; *see also Wilhelm*, 680 F.3d at 1118–19. For example, a party may expressly consent to magistrate judge jurisdiction by "selecting the 'consent' box on [a] court-provided form." *Wilhelm*, 680 F.3d at 1119; *cf. Anderson*, 351 F.3d at 915 (holding that, in general, filing a "signed form would provide a clear, unambiguous, and explicit expression of consent"). Alternatively, a party impliedly consents when it "was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the" magistrate judge. *Roell*, 538 U.S. at 590.

In *Roell*, the Supreme Court held that two defendants impliedly consented to magistrate judge jurisdiction by voluntarily participating in the proceedings and voicing "no objection when, at several points, the [m]agistrate [j]udge made it clear that she believed they had consented." *Id.* at 584. In *Wellness International Network, Ltd. v. Sharif*, the Court extended the "implied consent standard articulated in *Roell*" to bankruptcy court jurisdiction. 575 U.S. 665, 684–85 (2015). The Court emphasized that both express and implied consent must "be knowing and voluntary." *Id.* at 685. In so doing, the Court preserved two "pragmatic virtues" that *Roell* espoused: "increasing judicial efficiency and checking gamesmanship." *Id.*

We conclude that the declination-of-consent form used in this case fulfills the requirements of implied consent set forth in *Roell* and *Wellness International Network*. The form apprised Washington of the consequences of consent, the voluntary nature of consent, and the availability of a district judge upon declining consent. It stated explicitly that consent was "voluntary. A party may decline consent by signing and emailing this form." It stated in an underscored sentence that "[e]ach party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida if this form is not returned by October 1, 2021." The right of a party to refuse consent was made clear, as was the result if the party did not sign and return the form declining consent. *See Roell*, 538 U.S. at 587 n.5 ("[N]otification of the right to refuse the magistrate judge is a prerequisite to any inference of consent[.]"). That the case would be reassigned to a district judge if consent was declined was also explicitly stated. The box to decline consent said that in so many words: "I decline consent and request the case be assigned to a District Judge."

The form's language is substantively similar to consent forms in other cases where we held that a pro se plaintiff impliedly consented to magistrate judge jurisdiction. *See, e.g.*, *Wilhelm*, 680 F.3d at 1117–18. In *Wilhelm*, a case involving the process then used in the Eastern District of California, the parties were provided with a consent form that stated: "Without the written consent of the parties presently appearing pursuant to 28 U.S.C. Sec. 636(c), a magistrate judge cannot conduct all proceedings and enter judgment in this case[.]" *Id.* at 1117. The box for declination of consent contained language very similar to the language in the form in our case, stating: "The undersigned declines to consent to the United States Magistrate Judge

assigned to this case and requests random assignment to a United States District Judge." *Id.* at 1118.

The consent form in *Wilhelm* was different in one substantive respect. It contained two boxes, one for consent and one for declination of consent, and instructed each party to select one of the boxes. *Id.* at 1117–18. We do not, however, view that difference to be sufficient to undermine the consent provided here in response to the Western District of Washington form, which states that (1) consenting to magistrate judge jurisdiction authorizes the magistrate judge to enter a final entry of judgment; (2) appearing in front of a magistrate judge is voluntary and declination is permitted; and (3) declining consent is concomitant with a request to a district judge to hear the case. Accordingly, the declination-of-consent form "advised [Washington] of the need for consent and his right to refuse it." *Id.* at 1120.

Washington also voluntarily proceeded with the litigation before the magistrate judge. After being put on notice of the effects of magistrate judge jurisdiction, he did not sign and return the declination-of-consent form by October 1, 2021. When the district court docketed that there was "consent by all parties to proceed before a Magistrate Judge. Case remains assigned to Hon. Brian A. Tsuchida[,]" Washington did not object. He instead filed an opening brief. Subsequently, the Commissioner conceded that the ALJ committed harmful error, and Washington responded with his contention that the district court should order an award of benefits rather than reversing the ALJ decision and remanding for further proceedings. He did not object to the assignment to the magistrate judge at that point, either. It was only after the district court, by the magistrate judge, rendered a decision that Washington found unfavorable that he objected to the magistrate judge decision as a final order.

Washington does not dispute that he received the notice and declination-of-consent form. The record indicates he registered to receive electronic communications from the district court prior to its confirmation of consent. He thus "clearly implied [his] consent by [his] decision to appear before the [m]agistrate [j]udge, without expressing any reservation, after being notified of [his] right to refuse and after being told that [the magistrate judge] intended to exercise case-dispositive authority." *See Roell*, 538 U.S. at 586 (internal quotation marks omitted); *see also Wilhelm*, 680 F.3d at 1120 ("[H]e presented his case to [the magistrate judge] without objection[.]"). Holding otherwise would provide Washington "the luxury of waiting for the outcome before denying the magistrate judge's authority[,]" which is exactly the type of gamesmanship the Court warned against. *See Roell*, 538 U.S. at 590.[6] As Chief Judge Martinez found: Washington "knew he consented, and only took issue with this consent after the presiding judge issued what [Washington] has determined to be an unfavorable ruling."

This case is therefore distinguishable from instances in which we have declined to affirm magistrate judge jurisdiction based on consent of the parties. For example, in *Anderson*, a case involving procedures then used in the District of Oregon, we held that it could not be concluded from the existing record that a pro se plaintiff had voluntarily

---

[6] Other circuit courts have also inferred implied consent from the parties' delayed objection. *See, e.g.*, *Stevo v. Frasor*, 662 F.3d 880, 885 (7th Cir. 2011) (holding parties impliedly consented to reassignment to a magistrate judge where no party objected within 30 days after reassignment); *Chambless v. La.-Pac. Corp.*, 481 F.3d 1345, 1350–51 (11th Cir. 2007) (concluding "eight months of continual participation in pretrial proceedings justifies the inference of consent" where plaintiff "consented to the magistrate judge's jurisdiction over her original case").

consented to magistrate judge jurisdiction after she was given a notice form that stated: "The above referenced case has been assigned to the [magistrate judge] for disposition, to include the conduct of trial and/or entry of final judgment." 351 F.3d at 912 (footnote marker omitted). We remanded the case to the district court to determine whether the objecting party had voluntarily consented to the magistrate judge assignment. *Id.* at 911.

At the bottom of the page, the form used in that case stated that "parties are strongly encouraged to file a *Consent to Trial and Entry of Final Judgment*." *Id.* at 912. In concluding that the record did not establish that the plaintiff voluntarily consented based on that notice form, we observed that the form was addressed to "counsel" and not to the parties, the form was "ambiguous as to whether the [magistrate judge] assignment is partial," and the form was uncertain "on whether full magistrate judge jurisdiction is contingent upon" voluntary consent by the parties. *Id.* at 915–16; *cf. Wilhelm*, 680 F.3d at 1120 n.6 (distinguishing *Anderson* because its notice form "failed to alert the parties of the need to consent, of their right to decline, or of their right to a district judge"). By contrast, the form used in Washington's case was addressed to the parties, explicitly stated that consent was voluntary, and clearly informed the parties that they "knowingly and voluntarily" consent to a magistrate judge's final entry of judgment if they do not decline. The option to decline and request reassignment of the case to a district judge—when combined with a statement on voluntary consent and citation to Amended G.O. 02-19—plainly apprises litigants of their right to appear before a district judge.[7]

---

[7] We further held in *Anderson* that consent was not implied where the

Washington argues that, as a pro se litigant, he believed he was consenting to the magistrate judge's issuance of a report and recommendation, not a final judgment. *See* 28 U.S.C. § 636(b)(1)(B)–(C). In his reply brief to this court, he argued that he did not "totally grasp" that the objection he stated in his opening brief to us "was a [j]urisdiction matter" instead of "a matter of fairness" until after he read the government's answering brief.

We appreciate the claim but are not persuaded by the contention. The term "jurisdiction" confuses lawyers and courts. As the Supreme Court has famously observed on multiple occasions, "Jurisdiction . . . is a word of many, too many, meanings." *See, e.g., Fort Bend County v. Davis*, 139 S. Ct. 1843, 1848 (2019) (citation and internal quotation marks omitted), and cases cited there. The question here is whether Washington was sufficiently informed of his ability to decline assignment of his case to a magistrate judge for all purposes. By the time of the appeal to our court, two separate orders, one by Chief Judge Martinez and the other by Magistrate Judge Tsuchida, both described above, had already discussed and rejected his objection to the exercise of the district court's authority by the magistrate judge. Even if he may not have understood his objection as raising a question of "jurisdiction," Washington had been informed of the district court's conclusion that he had knowingly and

plaintiff refused magistrate jurisdiction twice and consented only after the district judge denied her motion to reject magistrate jurisdiction. 351 F.3d at 916–919. Indeed, the plaintiff's "first post-Notice Form pleading" was "Plaintiffs *Deny* Magistrates [sic] Jurisdiction." *Id.* at 912–13 (emphasis added). Conversely, Washington did not contest the district court's initial finding of consent. Nor did he express "persistent resistance to the magistrate judge's jurisdiction" sufficient to show a lack of implied consent. *See id.* at 918.

voluntarily consented to the assignment to the magistrate judge. That conclusion was not erroneous.

We recognize that Washington's status appearing pro se may be relevant to the question before us. At least one other circuit court has held that a litigant's ability to imply consent is affected by their pro se status. *See Yeldon v. Fisher*, 710 F.3d 452, 453 (2d Cir. 2013) (per curiam) (vacating magistrate judge's decision because of a lack of jurisdiction). But in *Yeldon*, the pro se litigant—though he later appeared in front of the magistrate judge—expressly declined his consent in writing. *Id.* The Second Circuit held that the litigant "may not have appreciated that participating in proceedings before the Magistrate Judge could impugn the effectiveness of his written refusal to consent." *Id.* Applied to this case, it might be a more difficult question if Washington *had* signed the declination-of-consent form and then proceeded before the magistrate judge. Yet that is not what happened here.

We recognize that Washington did not have the benefit of representation by counsel, but we have never held that pro se litigants are incapable of knowingly or voluntarily consenting to magistrate judge jurisdiction. Individuals who are not lawyers are regularly held to have given effective consent or agreement in many different circumstances. It is appropriate to review notices and forms to satisfy ourselves that they can be understood by a litigant representing himself, but there are limits to what a court must do to accommodate a party appearing pro se. *See, e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (stating that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules

of procedure”); *Carter v. C.I.R.*, 784 F.2d 1006, 1008–09 (9th Cir. 1986) (collecting cases) (explaining that a pro se litigant is “expected to abide by the rules of the court in which he litigates”). We do not doubt that the district court could have prepared a notice that might have spelled out in more detail what the form here sought to communicate. We conclude, nonetheless, that the process used in this case was sufficient and that the district court’s conclusion that Washington had knowingly and voluntarily consented was not erroneous.

To the extent that we construe Washington’s post-objection motions as a motion to withdraw consent, that argument fails too. Under § 636(c)(4), the district court “may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.” We have stated that the “extraordinary circumstances” standard sets “a high bar that is difficult to satisfy.” *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) (citation and internal quotation marks omitted). In fact, “[n]either mere dissatisfaction with a magistrate judge’s decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice.” *Id.* Washington is unable to show good cause or extraordinary circumstances to withdraw consent. As Chief Judge Martinez held below, “[t]he procedures in this case are identical to all other social security cases” and do not violate the general orders of the Western District of Washington. And, as the Supreme Court observed, “as long as parties are notified of the availability of a district judge as required by § 636(c)(2) and Rule 73(b), a litigant’s general appearance before the magistrate judge will usually indicate the necessary consent.” *Roell*, 538 U.S. at 591 n.7. For these reasons, we affirm the conclusion of

the district court that Washington consented to magistrate judge jurisdiction.

3. Specially Designated

Magistrate judge jurisdiction requires more than consent. A district court "must also specially designate a magistrate judge's authority to enter a final order." *Ashker*, 968 F.3d at 982. Washington argues that the general orders of the Western District of Washington do not authorize "automatic assignment of magistrate [judges] for [p]ro se [plaintiffs] in civil matters" or social security cases. We disagree.

As previously discussed, G.O. 05-17 approved the procedure outlined in the declination-of-consent form and applied it to "all civil cases filed after June 1, 2017, that have been randomly assigned to a U.S. Magistrate Judge." *See* G.O. 05-17 at 2. This is supported by Amended G.O. 02-19, Amended G.O. 01-15, and Local Rule MJR 13. Amended G.O. 02-19 states that the clerk for the district court "shall randomly assign to a Magistrate Judge, upon filing, cases in which plaintiff seeks review, under 42 U.S.C. §405(g), of the decision of the Commissioner of Social Security." *See* Am. G.O. 02-19 at 1. Amended G.O. 01-15 and Local Rule MJR 13 contain comparable language. *See* Am. G.O. 01-15 at 2 (replacing "shall" with "may"); Local Rule MJR 13(c) ("The [district court] direct assigns a percentage of all civil cases to a magistrate judge."). Neither the general orders nor local rules contain a carveout for pro se plaintiffs. Thus, the district court "specially designate[d]" the magistrate judge in this case with authority to enter a final order. *See Ashker*, 968 F.3d at 982.

*C. Credit-as-True Rule*

Moving to the merits of his appeal, Washington contends that the ALJ failed to properly consider his symptom testimony, his treating physician's assessment concerning his risk for heart attack, and other evidence in the record. He requests under the "credit-as-true" rule that we hold this evidence to be credible and remand to the Commissioner with instructions for an immediate award of benefits.

We review the district court's decision to remand "for further proceedings or for an immediate payment of benefits . . . for abuse of discretion[.]" *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022) (citation and internal quotation marks omitted). We find an abuse of discretion only when we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Id.* (citation and internal quotation marks omitted).

The district court concluded:

> In sum, the evidence in this case does not conclusively establish Plaintiff is disabled under the Social Security disability regulations. Rather the evidence must still be weighed and evaluated properly. There are conflicts that exist in the evidence that only the ALJ may resolve. Remand for further proceedings is thus not only necessary but appropriate and [this court] therefore orders this matter is remanded for further administrative proceedings.

The credit-as-true rule has three steps. First, we ask whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014) (citation and internal quotation marks omitted). Second, we determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* at 1101 (citations and internal quotation marks omitted). And third, if "no outstanding issues remain and further proceedings would not be useful," only then do we have discretion to find the "relevant testimony credible as a matter of law[.]" *Id.* Even if all three steps are met, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in our discretion[.]" *Id.* at 1101–02 (first alteration in original) (citation and internal quotation marks omitted).

Because the ALJ found no severe impairment prior to the date last insured, the ALJ did not proceed past step two in Washington's disability analysis. *See* 20 C.F.R. § 404.1520(c). But step two is merely "a de minimis screening device to dispose of groundless claims." *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (citation and internal quotation marks omitted). Step two "is not meant to identify the impairments that should be taken into account when determining" a claimant's residual functional capacity ("RFC"), which proceeds next. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017); *see* 20 C.F.R. § 404.1520 (describing five-step sequential evaluation process). So, regardless of whether the evidence at issue is credited, outstanding issues must be resolved before a

disability determination can be made. *See Treichler*, 775 F.3d at 1101.

Further, the district court properly identified contradictory evidence in the record appropriate for remand. For instance, the district court noted the conflict between Washington's treating doctor and the consulting medical expert. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). While Washington's doctor determined that Washington was "unable to perform even sedentary work activity" on a consistent basis, the consulting medical expert concluded that Washington could perform work-related activities with "certain exertional, postural, and environmental limitations." The district court also explained that it could not determine whether testimony from a psychiatrist or the disability determination from the Department of Veterans Affairs ("VA") proved Washington was disabled within the regulatory meaning. *See Luther v. Berryhill*, 891 F.3d 872, 876–77 (9th Cir. 2018) (discussing the elements that cause an ALJ to discount the VA determination); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").[8] As a result, the district court did not abuse

[8] Washington contends this case is analogous to *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). In *Garrison*, we "found nothing that would create doubt as to Garrison's entitlement to the benefits she seeks" and held all elements of the credit-as-true rule were met. *Id.* at 1022–23. But Washington's administrative record is distinguishable as it contains several disagreements and inconsistencies. Therefore, the district court's decision did not "lie[] beyond the pale of reasonable justification under

its discretion in remanding to the Commissioner to resolve the contested issues.

## III. Conclusion

In summary, Washington impliedly consented to magistrate judge jurisdiction when he was apprised of his rights and still litigated his case before the magistrate judge. The district court also did not err when it remanded this case to the Commissioner of Social Security for further factual proceedings rather than a payment of benefits.

**AFFIRMED.**

---

W. Fletcher, J., concurring

I concur in Judge Clifton's opinion but write separately to encourage the district court, and other district courts in the same position, to revise consent forms for magistrate judge jurisdiction.

The relevant text of the consent form in this case is as follows:

> This matter is assigned to United States Magistrate Judge Brian A. Tsuchida for all purposes, including trial, final entry of judgment, and direct review by the Ninth Circuit Court of Appeals.

This language is easily understood by lawyers. But appellant Victor Washington is not a lawyer. He contends that he did

---

the circumstances." *See Miskey*, 33 F.4th at 570 (citation and internal quotation marks omitted).

not understand that if he consented to the jurisdiction of the magistrate judge he could not ask a district judge to review what the magistrate judge did.

It would not be hard to add language to the form to make its meaning crystal-clear to pro se litigants like Mr. Washington. Such added language might read: "You have a right for a United States District Court Judge to hear your case. Consenting on this form means that you waive that right, and that Magistrate Judge Tsuchida will take the place of a United States District Judge in all respects. No District Judge will supervise or review the work of Magistrate Judge Tsuchida."