**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALAA AREF AL-JELAIHAWI, | No. 22-35215 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01855-DWC |
| v. | |
| PROGRESSIVE INSURANCE COMPANIES, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted August 10, 2023**
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Alaa Al-Jelaihawi appeals pro se from the district court's summary judgment in favor of Defendant United Casualty Corporation[1] and denial of his motion for summary judgment.[2] We review the decisions regarding summary judgment de novo. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We affirm.

The district court did not err in entering summary judgment for Defendant on Al-Jelaihawi's claims. Summary judgment was proper on the breach of contract claim because Al-Jelaihawi failed to identify any provision of a contract that Defendant allegedly breached[3] or to provide any evidence supporting the elements for breach of contract, let alone to show a genuine dispute of material fact as to any of the elements.[4]

Summary judgment was proper on the negligence claim because Al-Jelaihawi failed to identify any specific duty Defendant had to him, how Defendant

---

[1] Al-Jelaihawi listed "Progressive Insurance Companies" as the defendant, but United Financial Casualty Corporation is the proper party.

[2] *See* 28 U.S.C. § 636(c)(1); *Washington v. Kijakazi*, 72 F.4th 1029, 1037 (9th Cir. 2023).

[3] *See Elliott Bay Seafoods, Inc. v. Port of Seattle*, 98 P.3d 491, 494 (Wash. Ct. App. 2004); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1072 (9th Cir. 2019).

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

breached that duty, or any evidence to support the claim. *See* Fed. R. Civ. P. 56(c)(1)(A); *Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 285 P.3d 892, 900 (Wash. Ct. App. 2012); *see also Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552; *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009).

Summary judgment was proper on the bad faith claim because Defendant provided evidence of the reasons for Al-Jelaihawi's premium rate increases and contract cancellation, and Al-Jelaihawi did not provide any evidence to the contrary. *See Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1276–77 (Wash. 2003) (en banc); *see also Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552; *Gordon*, 575 F.3d at 1058.

Because neither party requested oral argument, the district court did not abuse its discretion by declining to hear oral argument. *See* Local Rules W.D. Wash. LCR 7(b)(4); *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200–01 (9th Cir. 1999); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

We do not consider arguments or evidence raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**  All pending motions are denied.