NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANH TUYET THAI,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN[*], Acting<br>Commissioner of Social Security,<br><br>    Defendant - Appellee. | No. 24-329<br><br>D.C. No.<br>3:23-cv-00639-BLM<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Southern District of California
Barbara Lynn Major, Magistrate Judge, Presiding

Submitted December 4, 2024[***]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

---

[*]    Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Anh Tuyet Thai appeals a district court order that reversed and remanded a partial denial of Social Security benefits. She argues that the district court should have remanded for the immediate award of benefits, not for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to remand for further proceedings for abuse of discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). Under this deferential standard, we will only reverse and direct the immediate award of benefits if "the reviewed decision lies beyond the pale of reasonable justification." *Id.* (quoting *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022)).

A three-step framework guides our assessment of whether a case should be remanded for benefits. First, the administrative law judge (ALJ) must have "failed to provide legally sufficient reasons for rejecting the evidence." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Second, there can be "no outstanding issues that must be resolved before a determination of disability can be made." *Id.* Finally, it must be "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.*

This framework requires us to affirm. Thai satisfies the first step. As the district court found, the ALJ erred by not considering Thai's fibromyalgia symptoms and diagnosis, even though the record contains significant evidence of her fibromyalgia.

At the second step, however, "outstanding issues" arise that preclude the award of benefits. The district court concluded that the record was "ambiguous regarding how [Thai]'s fibromyalgia will affect the step two through five determinations, including her [residual functional capacity], and how vocational experts will evaluate what jobs in the national economy [Thai] may be able to perform."

We agree. To begin, the record is not clear about the degree to which Thai's work limitations stem from her fibromyalgia. Her initial application for benefits did not mention fibromyalgia. The record contains opinions from physicians who acknowledged Thai's full body pain but opined that she still had a full range of motion and could work for a normal workday. The medical records also suggest that Thai's depression, not her fibromyalgia, might be her most overwhelming challenge.

Other record evidence casts doubt on Thai's credibility. The ALJ considered the opinion of Dr. Douglas Engelhorn, who observed that Thai "tend[ed] to enhance her symptoms" and suspected that she might be "malingering," or intentionally exaggerating her symptoms. The Cooperative Disability Investigations Unit, which investigates alleged Social Security fraud, concluded that Thai "function[ed] at a higher level than alleged." Moreover, at the end of Thai's first administrative hearing, she said, "Well, is that a grant or what?"

in "a bright and normal voice." The first ALJ described this as a marked difference from "the way she responded during the hearing," suggesting "a lack [of] consistency with the medical record." Considered "as a whole," this record contains "conflicts, ambiguities, [and] gaps" that necessitate further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

The third step confirms this conclusion. Even if the evidence of Thai's fibromyalgia symptoms was credited as true, it is not clear that the record would lead to a finding of disability. In finding Thai not disabled, the ALJ appears to have considered at least some of the fibromyalgia symptoms. For example, the ALJ expressly grappled with Thai's "multiple pain complaints in her neck, lower back, shoulder, knees, and generalized joint and body pain." These symptoms, the record suggests, are related to Thai's fibromyalgia.

The evidence that Thai asks us to credit cuts in both directions, too. Thai principally relies on the opinion of Dr. James Grisolia, who treated Thai for several years. Dr. Grisolia consistently diagnosed Thai with fibromyalgia. He also opined that Thai's "most overwhelming problem" was her "severe underlying depression." Thai additionally points to the opinion of Dr. Nadine Sidrick, one of her treating physicians. Dr. Sidrick similarly opined that Thai's "severe depression" was the cause of Thai's worsening condition. Yet the ALJ considered Thai's depression, deeming it a severe impairment. The ALJ nonetheless concluded that Thai was not

4                                                    24-329

disabled. Crediting this evidence, then, would not necessarily change the ALJ's conclusion: while it would demonstrate the symptoms of Thai's fibromyalgia, it would also suggest that Thai's depression was her dominant impairment—an impairment already found insufficient to support a disability determination.

Thai's reliance on *Benecke v. Barnhart*, 379 F.3d 587, and *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017), is misplaced. In both cases, the ALJs erred by misunderstanding the nature of fibromyalgia, not by overlooking it altogether. *See Benecke*, 379 F.3d at 594–96; *Revels*, 874 F.3d at 662. Because the ALJs had considered how fibromyalgia impacted the disability determination, the court could pinpoint the shortcomings and assess how proper consideration of the claimants' fibromyalgia would affect the outcomes. *See Benecke*, 379 F.3d at 595 (remanding for benefits where "the ALJ's decision specifically addressed the central remaining issue"); *Revels*, 874 F.3d at 665, 669 (remanding for benefits where crediting as true a single physician's opinion would lead to a disability finding). By contrast, the ALJ here failed to consider fibromyalgia at all. We cannot speculate as to how evidence of fibromyalgia would impact the fact-intensive disability determination.

While we are sympathetic to Thai's situation, we can only remand for benefits if "the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138

(9th Cir. 2011).  Here, factual questions remain that the ALJ is best suited to resolve.[1]  The district court did not abuse its discretion in remanding for further proceedings.

**AFFIRMED.**

---

[1] We note that the ALJ found Thai disabled as of January 30, 2017.  On remand, the only period that will be at issue is from March 29, 2013 (the date Thai first applied for benefits), to January 29, 2017—a period of less than four years.  *See Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017) (noting that a claimant "cannot receive benefits for any period before her application date").