FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS E. TINSLEY,

Plaintiff-Appellant,

v.

MICHELLE KING, Acting Commissioner of Social Security,

Defendant-Appellee.

No. 24-1913

D.C. No. 2:23-cv-00557-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted February 10, 2025**
Seattle, Washington

Before: W. A. FLETCHER and NGUYEN, Circuit Judges, and BENNETT,***
District Judge.

Appellant Douglas E. Tinsley appeals a district court order that remanded his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

claim for disability insurance benefits for further administrative proceedings. He argues that the district court should have remanded for the immediate award of benefits, not for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM**.

We review the district court's decision to remand for further proceedings for abuse of discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). Under this deferential standard, we will only reverse and direct the immediate award of benefits if "'the reviewed decision lies beyond the pale of reasonable justification.'" *Id*. (quoting *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022)).

When a reviewing court reverses an administrative agency determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). This Court has explained that this "ordinary remand rule . . . generally guides our review of administrative decisions," *Treichler v. Comm'r of the Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), with the additional flexibility provided by 42 U.S.C. § 405(g) only applying "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (internal quotation marks omitted).

A three-step framework, often referred to as the "credit-as-true" rule,

2

*Garrison v. Colvin*, 759 F.3d 995, 1019–1021 (9th Cir. 2014), guides our assessment of whether a case should be remanded for benefits. First, the ALJ must have "failed to provide legally sufficient reasons for rejecting the evidence." *Benecke*, 379 F.3d at 593. Second, there can be "no outstanding issues that must be resolved before a determination of disability can be made." *Id*. Finally, it must be "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. This Court has explained that:

> Even if those requirements are met, though, [courts] retain "flexibility" in determining the appropriate remedy. In particular, [a reviewing court] may remand on an open record for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."

*Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal citations omitted) (quoting *Garrison*, 759 F.3d at 1021).

This framework requires us to affirm. While Tinsley satisfies the first step, "outstanding issues" arise at the second step that preclude the award of benefits. As the district court observed, divergent medical opinions preclude immediate award of benefits in Tinsley's case. Specifically, two state agency consultants, Dr. Howard Platter, M.D., and Dr. Robert Stuart, M.D., who evaluated Tinsley in June 2020 and July 2021, respectively, opined that Tinsley's multiple sclerosis had stabilized and that he was capable of sedentary work with additional exertional, postural, and environmental limitations. Dr. David Widlan, Ph.D., who evaluated Tinsley in

3

October 2020, opined that Tinsley was able to accept very simple instructions and perform simple tasks, and further opined that Tinsley had a mild cognitive disorder and might benefit from cognitive therapy. In contrast, Dr. Stacy Donlon, M.D.—a neurologist who has treated Tinsley since 2017—opined that Tinsley was incapable of any work at all, regardless of his adherence to treatment. As the district court aptly noted, "[t]his broad range of assessment of [Tinsley's] abilities highlights the need to further develop the record."

While Tinsley requests that this Court credit Dr. Donlon's assessment, Tinsley's suggestion "reverses the required order of analysis." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). As this Court has explained, the reviewing court must "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law." *Treichler*, 775 F.3d at 1105 (emphasis removed). "If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez*, 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105–06). Here, it is clear that not all doctors agreed with Dr. Donlon's assessment. As such, the district court did not abuse its discretion in remanding for further proceedings.

While the Court is not required to proceed to the third question in light of inconsistencies in the record, we find it prudent to address the district court's

4

assessment that "it is not clear that even if the improperly rejected evidence were credited as true, an ALJ would be required to find [Tinsley] disabled." Specifically, we briefly note that, should the evidence that Tinsley asks us to credit be accepted, it is presumable that Tinsley is disabled.

At bottom, this Court can only remand for benefits if "the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). Here, factual questions remain that the ALJ is best suited to resolve. The district court did not abuse its discretion in remanding for further proceedings.

**AFFIRMED.**