NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNNE M. FLETCHER-SILVAS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant - Appellee. | No. 25-1811<br><br>D.C. No.<br>3:23-cv-06177-TLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted June 8, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Lynne M. Fletcher-Silvas appeals a district court order remanding her application for Social Security disability insurance benefits for further proceedings before an administrative law judge ("ALJ"). Fletcher-Silvas argues that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court should have remanded only for a determination of benefits. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision for abuse of discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). We affirm but instruct that remand should be on an open record.

1.      Under this Court's "credit-as-true" jurisprudence, a reviewing court may remand with instructions to award benefits if (1) "the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; (2) there are no "outstanding issues that must be resolved before a disability determination"; and (3) if the discredited testimony is credited as true, "on the record taken as a whole, there is no doubt as to disability." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (cleaned up). At step one of the analysis, the district court found that the ALJ failed to provide sufficient reasons for rejecting Fletcher-Silvas's subjective symptom testimony. The Commissioner does not challenge that finding. However, the district court concluded at step two that Fletcher-Silvas had not shown that the record was "fully developed" and "free from conflicts and ambiguities," *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), and that remand for an award of benefits was not warranted. It is that finding that Fletcher-Silvas now challenges.

2.      We agree with the district court. At step two, the district court "must consider whether there are inconsistencies between the claimant's testimony and the

medical evidence in the record." *Id.* (cleaned up). Because "there are significant factual conflicts in the record," the district court reasonably determined that further administrative proceedings would be useful. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1104 (9th Cir. 2014). For example, Fletcher-Silvas testified that she could "barely walk" in 2019, but medical records indicate she walked with a normal gait between 2016 and 2019, and she reported walking twice a week for two or three miles in 2020. And, although Fletcher-Silvas testified that she experienced anxiety and depression, she reported no anxiety or depression to several doctors during the relevant period.

3.      Fletcher-Silvas also argues that the district court erred in affirming the ALJ's conclusion that December 31, 2019, was her date last insured. "To have disability insured status during any quarter, an individual must be fully insured in that quarter and have at least twenty quarters of coverage in the last forty-quarter period ending with that quarter." *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1459 (9th Cir. 1995). But the claimant may exclude an established period of disability from the number of years for which quarters of coverage are required—a so-called "freeze," *id.* at 1460—if she "file[d] an application while disabled, or no later than 12 months after the month in which [the] period of disability ended." 20 C.F.R. § 404.320(b)(3).

Fletcher-Silvas concedes that that her only previous established period of disability was from May 23, 2014, through October 31, 2015, and that she filed the instant application on August 25, 2017. Thus, she did not file within "12 months after the month in which [the] period of disability ended." *Id.* The district court therefore correctly concluded that Fletcher-Silvas last qualified for disability insured status on December 31, 2019.

4.     The district court appropriately instructed the ALJ to "take any further action needed to complete the administrative record," which may involve crediting Fletcher-Silvas's subjective symptom testimony. Because a reviewing court should not rule on the ALJ's assessment of the medical evidence before the record is fully developed, the remand should be on an open record, allowing the ALJ to reconsider the medical opinions in light the expanded record. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) (finding "a significant factual conflict in the record that should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance").

**AFFIRMED** with instructions to remand on an open record.