NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORA REINBOLD,

      Plaintiff - Appellant,

  v.

ALASKA AIRLINES, INC.; et al.,

      Defendants - Appellees.

No. 25-901

D.C. No.
3:23-cv-00087-MMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Matthew M. Scoble, Magistrate Judge, Presiding

Argued and Submitted April 22, 2026
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Plaintiff-Appellant Lora Reinbold sued Alaska Airlines and several of its

employees for enforcing state and federal COVID-19 mask mandates, refusing to

exempt her from masking, and banning her from flying with the airline for one year

for not complying with its masking requirements. Reinbold now appeals the district

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's denial of her "Objections to Order," which we construe as a motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion for reconsideration for abuse of discretion and any underlying legal conclusions de novo. *Novalpina Cap. Partners I GP v. Read*, 149 F.4th 1092, 1100 (9th Cir. 2025).

1.      ***Dismissal for Failure to State a Claim.*** Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint "unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We accept as true a plaintiff's well-pleaded factual allegations and construe all reasonable factual inferences in her favor. *Id.* Reinbold's primary argument is that the district court erred in dismissing her claim brought under 42 U.S.C. § 1983 because it incorrectly determined that Alaska Airlines is not a state actor. We disagree.

Section 1983 provides a private cause of action "for deprivations of rights under the Constitution and laws of the United States when the deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted). "[T]o recover under § 1983 . . . , a plaintiff must show 'that the conduct allegedly causing the deprivation of a federal right [is] fairly

2                                                                                    25-901

attributable to the State.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). What constitutes conduct that is "fairly attributable [to the State] is a matter of normative judgment, and the criteria lack rigid simplicity." *O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023) (alteration in original) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Reinbold has not alleged facts that plausibly establish Alaska Airlines was operating as a state actor in enforcing government-imposed COVID-19 mask mandates. Reinbold argues that Alaska Airlines and its employees acted under color of law by "aggressively enforcing" state and federal mask mandates at "state-owned airport facilities" and by "coordinating with state officials." But "[e]ven extensive regulation by the government does not transform the actions of the regulated entity into those of the government." *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 544 (1987). Neither the airline nor its employees become state actors simply by virtue of enforcing government regulations. *See, e.g.*, *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 748 (9th Cir. 2003) ("That a private entity is regulated by government does not transform that private entity's conduct into state action."). Nor is the airline transformed into a state actor by operating on state property, *see Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1172 (9th Cir. 2021), or benefitting from the assistance of state law enforcement, *Collins v. Womancare*, 878 F.2d 1145, 1154–55 (9th Cir. 1989); *Meadows v. United Servs.*,

*Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). For these reasons, we conclude that the district court did not err by dismissing Reinbold's § 1983 claim.[1]

2. ***Denial of Leave to Amend.*** We review a district court's denial of leave to amend for abuse of discretion. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). A district court may also deny leave to amend for failure to adhere to local rules. *E.g.*, *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007). When a plaintiff has already amended her complaint, the district court's discretion is "particularly broad." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted).

The district court denied Reinbold leave to amend her Second Amended Complaint because the amendment would result in undue delay, she had repeatedly failed to observe local rules, the amendment would prejudice Alaska Airlines, and further amendment would be futile as her proposed Third Amended Complaint both

---

[1]Reinbold forfeited any challenge to the dismissal of her remaining claims by not raising them in her Opening Brief on appeal. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). Reinbold also argues that the reassignment of her case to a magistrate judge deprived her of her right to have her case overseen by an Article III judge. This argument fails because she "knowingly and voluntarily consented to magistrate judge jurisdiction" by failing to adhere to the process for declining consent. *Washington v. Kijakazi*, 72 F.4th 1029, 1033 (9th Cir. 2023).

attempted to relitigate claims dismissed with prejudice and failed to state a claim. Reinbold challenges each ground.

First, Reinbold suggests that her Third Amended Complaint was not unduly delayed because it represents "her first meaningful opportunity to amend her complaint." She also requests leniency because she is self-represented. Pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal," *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). And here, the district court twice notified Reinbold of her pleading deficiencies and allowed her to correct them, which she failed to do.

Second, Reinbold asserts that she made "diligent efforts to comply with court requirements," attempted to correct identified deficiencies, and lacked sufficient time to remedy her Second Amended Complaint. But Reinbold's Third Amended Complaint failed to adhere to local rules requiring a redlined copy of proposed amendments and prohibiting incorporation by reference. Reinbold's assertions do not explain these deficiencies.

Third, Reinbold argues that the district court prejudiced her because her proposed Third Amended Complaint "contained substantial new evidence, . . . including evidence establishing Alaska Airlines' role as a state actor." In considering whether to grant leave to amend, the court's concern is about prejudice *to the defendant*. *See Chappel*, 232 F.3d at 725–26. Reinbold does not explain why

5                                                            25-901

permitting her to file her Third Amended Complaint would not prejudice Alaska Airlines. Additionally, in reviewing a motion to dismiss, we are generally limited to the complaint, except that we "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions [its] authenticity." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). Those requirements are not met here.

Finally, Reinbold asserts that allowing her to file her Third Amended Complaint would not be futile as she advanced additional arguments about the state-action doctrine. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). As explained above, Reinbold's state-action claim fails as a matter of law. For these reasons, the district court did not abuse its discretion in denying Reinbold leave to file a Third Amended Complaint.

**AFFIRMED.**

25-901